IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHEATHAM,

    Plaintiff,

v.                                         Case No. 5:15-CV-3123-JTM

LEAVENWORTH COUNTY, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Ryan Cheatham filed a pro se civil complaint pursuant to 42 U.S.C. § 1983 while incarcerated in pretrial detention at the Leavenworth County Jail. The court previously screened plaintiff's original Complaint filed herein and granted plaintiff fourteen (14) days to submit an initial partial filing fee of $30.50 to the clerk of court and to show cause as to why this matter should not be dismissed for the reasons set forth therein. Dkt. 3. This matter is now before the court for consideration of plaintiff's compliance with the screening order and screening of plaintiff's Amended Complaint. Having considered all the material submitted by plaintiff, the court concludes that plaintiff fails to bring suit against a proper party. Accordingly, this action is dismissed without prejudice.

**Allegations and Claims**

Plaintiff filed suit against "the city, town, county of . . . Leavenworth Kansas, municipality . . . Judges, District Court (Judge King, Judge Pray)." Dkt. 1. According to plaintiff, his bond for aggravated robbery and aggravated assault was set at ten million dollars, a

violation of his Eighth Amendment right to be free from excessive bail.  It appears Judge Pray originally set the bond and Judge King denied plaintiff's motion for reduction.  Plaintiff claims loss of wages, employment, scholarships, and tuition paid for online classes at the University of Phoenix.  Plaintiff therefore requests damages in the amount of ten million dollars.  Dkt. 1, at 5.

**Screening Order**

In a screening order, dated June 1, 2015, plaintiff was ordered to pay an initial partial filing fee of $30.50 and to show good cause as to why this matter should not be dismissed based upon the immunity of the judicial defendants and plaintiff's failure to state a claim against the municipality or county.  Dkt. 3.  Plaintiff paid the initial partial filing fee on June 19, 2015.

**Screening First Amended Complaint**

Plaintiff has submitted a one-page pleading (Dkt. 4) with which he apparently intended to amend his complaint.  Even though plaintiff is entitled to amend his complaint once without leave of court, the clerk was directed to docket this paper as plaintiff's Motion to Amend because it is not a complete Amended Complaint.  Plaintiff may not amend his complaint by simply submitting a paper in which he sets forth a few claims, allegations, or parties he wants to add to and/or change from his original Complaint.  Instead, in order to add parties to a complaint, plaintiff must prepare and submit a *complete* Amended Complaint.  *See* FED. R. CIV. P. 15.  An Amended Complaint is not simply combined with the original complaint but completely supersedes it.  Consequently, it must include all parties, claims, and factual allegations that plaintiff intends to present, including those he wants to retain from his original Complaint.  It is difficult for the court to determine, from plaintiff's one-page submission, whether plaintiff intended to replace his original Complaint with this one-page pleading.  Furthermore, to comply with local court rule, the Amended Complaint must be submitted upon court-approved forms.

Ordinarily, the court might be inclined to grant plaintiff time to file a complete Amended Complaint upon proper forms that contains all his claims and factual allegations.  However, because plaintiff's claims in his one-page submission are identical to those set forth in the original Complaint, only this time with the additional and/or substituted party of the State of Kansas, the court denies plaintiff that opportunity for the reasons set forth below.

As plaintiff was cautioned in the screening order, neither the city nor county may be held liable on a theory of respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Seifort v. Unified Gov't of Wyandott Cty./Kansas City*, 779 F.3d 1141, 1159 (10th Cir. 2015).  "Under Section 1983, municipalities . . . are responsible only for their *own* actions." *Seifort*, 779 F.3d at 1159 (emphasis in original).  In other words, "a municipality is responsible for both [1] actions taken by subordinate employees in conformance with preexisting official policies or customs and [2] actions taken by final policymakers, whose conduct can be no less described as the 'official policy' of a municipality." *Seifort*, 779 F.3d at 1159 (quoting *Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1285 (10th Cir. 2007)).

In his attempted Amended Complaint, plaintiff appears to try and get around this long-standing case law by "relieving the defendant municipality Leavenworth KS" and instead seeking relief from "Judge King and Judge Gibbens[] employer, the State of Kansas." Dkt. 4, at 1.[1]  However, it is well-established that "[t]he Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).  As such, plaintiff's attempt

---

[1] It appears that plaintiff discovered that the judge who initially set his bond was Judge Gibbens, not Judge Pray. Dkt. 4, at 1.

to add the State of Kansas as a defendant based upon its status as an employer of the judges that set and subsequently denied a reduction in plaintiff's bond is denied.

Furthermore, as the court noted in the screening order, both Judge Gibbens[2] and Judge King are immune from civil liability for their judicial acts, unless the acts were performed in the clear absence of all jurisdiction. *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). "The factors determining whether an act by a judge is a judicial one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Van Deelen v. Fairchild*, 2006 U.S. App. LEXIS 22537, at *8 (10th Cir. Aug. 31, 2006) (quoting *Stump*, 435 U.S. at 362).

Here, as was set forth in the screening order, both factors weigh in favor of judicial immunity: decisions regarding bail are part of a judge's normal work function and plaintiff dealt with the defendant judges in their judicial capacity. Plaintiff fails to show good cause as to why this action should not be dismissed against the judicial defendants based upon the immunity of these defendants.

**IT IS THEREFORE ORDERED**, this 21st day of August, 2015, that plaintiff's Motion to Amend Complaint (Dkt. 4) is denied. Plaintiff's action is therefore dismissed in its entirety.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[2] Who apparently has been substituted for Judge Pray.